```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
WILMER REYES,                       :
                                    :
        Petitioner,                 :   Civ. No. 20-13570 (NLH)
                                    :
     v.                             :   OPINION
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY, et al.,        :
                                    :
        Respondents.                :
_____:

APPEARANCE:

Wilmer Reyes
635216E
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Wilmer Reyes seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 1 (petition).

    Local Civil Rule 81.2 provides in relevant part that "[u]nless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk." Local Civ. R. 81.2(a). Petitioner did not use the Clerk's form.

The Court will instruct the Clerk to send Petitioner the relevant form.  The Court will administratively terminate the matter until Petitioner returns the correct form.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days by submitting an amended petition on the correct form.  An appropriate Order will be entered.


Dated: October 2, 2020                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).