```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

_____
                                     :
WILMER REYES,                        :
                                     :
        Petitioner,                  :   Civ. No. 20-13570 (NLH)
                                     :
    v.                               :   MEMORANDUM ORDER
                                     :
THE ATTORNEY GENERAL OF THE          :
STATE OF NEW JERSEY, et al.,         :
                                     :
        Respondents.                 :
_____:

APPEARANCE:

Wilmer Reyes
635216E
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

   Petitioner Pro se

HILLMAN, District Judge

   WHEREAS, Petitioner Wilmer Reyes seeks to bring an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 21, 2016 guilty plea in the Superior Court of New Jersey, Law Division, Camden County, see ECF No. 4; and

   WHEREAS, section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §

2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c); and

WHEREAS, the petition indicates that Petitioner has not presented his claims to all levels of the New Jersey state courts, see ECF No. 4 at 3-6; and

WHEREAS, the Court ordered Petitioner to show cause why this matter should not be stayed until he has completed his state court remedies, ECF No. 14; and

WHEREAS, Petitioner filed a statement arguing that his post-conviction relief ("PCR") attorney is not raising the arguments Petitioner wishes the state courts to review; therefore, he is concerned that he will lose the ability to argue those issues before this Court, ECF No. 15; and

WHEREAS, Petitioner asks this Court to stay his final order of removal to the Dominican Republic, id. at 2; and

WHEREAS, Petitioner is in the middle of his PCR process and has a hearing scheduled for November 30, 2020, see id. at 4. Under § 2254, he has an available state court process that must be exhausted before this Court can decide his federal habeas petition; and

2

WHEREAS, the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), amended 8 U.S.C. § 1252 to state that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g); and

WHEREAS, section 106(a) of the REAL ID Act "substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal." Kolkevich v. Attorney Gen. of U.S., 501 F.3d 323, 326 (3d Cir. 2007); see also Gonzalez-Lora v. Warden Fort Dix FCI, 629 F. App'x 400, 401 (3d Cir. 2015) (per curiam); and

WHEREAS, in Paredes v. Att'y Gen. of United States, the Third Circuit held that a conviction remains final for immigration purposes despite the pendency of any collateral attack.  528 F.3d 196, 198-99 (3d Cir. 2008).  Thus, that Petitioner filed a PCR petition has no effect upon the validity or finality of his conviction for immigration purposes until such time as the state courts actually grant that petition and overturn the underlying conviction.  Id.; and

WHEREAS, because Petitioner's conviction is final for immigration purposes unless and until the conviction is

3

overturned, it would be futile to transfer Petitioner's request for a stay to the Third Circuit for review; and

WHEREAS, after considering the factors set forth in Rhines v. Weber, 544 U.S. 269 (2005), the Court concludes it is prudent to stay the § 2254 proceedings until Petitioner has completed his state court remedies.  This stay does not extend to Petitioner's immigration proceedings as the Court lacks jurisdiction over that aspect; and

WHEREAS, the Clerk of Court will be ordered to administratively terminate this petition and all pending motions.  Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases); and

WHEREAS, Petitioner shall file his all-inclusive second amended petition in this Court within 30 days of completing state court exhaustion,

THEREFORE, IT IS on this  24th   day of November, 2020

ORDERED that the § 2254 proceeding shall be, and hereby is, stayed pending state court exhaustion.  Rhines v. Weber, 544 U.S. 269 (2005).  The Clerk shall administratively terminate the petition and all pending motions; and it is further

ORDERED that Petitioner's request for a stay of his removal from the United States, ECF No. 15, is denied as the Court lacks jurisdiction over Petitioner's immigration proceedings; and it is further

ORDERED that Petitioner shall file his all-inclusive second amended petition in this Court within 30 days of completing state court exhaustion; and it is further

ORDERED that the Clerk shall reopen this matter upon receipt of Petitioner's second amended petition; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail and administratively terminate this case.

At Camden, New Jersey                  s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.