```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
WILMER REYES,                 :
                              :    No. 20-cv-13570 (NLH)
               Petitioner,    :
                              :
          v.                  :    MEMORANDUM OPINION
                              :
                              :
THE ATTORNEY GENERAL OF THE   :
STATE OF NEW JERSEY, et al.,  :
                              :
               Respondents.   :
_____:
```

IT APPEARING THAT:

1. Petitioner Wilmer Reyes ("Petitioner") submitted a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 21. The second amended petition alleged that Petitioner was subject to removal from the United States. Id. at 4.

2. On September 14, 2023, the Court screened the second amended petition for dismissal and determined that dismissal without an answer and production of the record was not warranted. ECF No. 22. The Court ordered Respondents to answer or move to dismiss the second amended petition within 45 days. Id.

3. On September 25, 2023, mail sent to Petitioner at his address of record, the Buffalo Federal Detention Facility in New

1

York, was returned as undeliverable.  ECF No. 25.  The return sticker stated "Return to Sender.  Attempted – Not Known.  Unable to Forward."  Id.

4.   On October 10, 2023, Respondents wrote to the Court indicating they had been unable to locate Petitioner and believed him to have been deported from the United States.  ECF No. 27.  "A search for Petitioner by his name and SBI number on the Department of Corrections' Offender Search Form website did not produce any results.  A search on the Immigrations and Customs Enforcement Online Detainee Locator System by A-Number and by Name yielded no matching records.  An attempt to contact the Buffalo Federal Detention Facility, which is Petitioner's address on the docket, was unsuccessful."  Id. at 2.

5.   Respondents requested that the proceedings be administratively terminated or stayed "because Respondents have no way of service."  Id. at 3.

6.   Petitioner's challenge to his state court convictions is not necessarily mooted by his presumed removal from the United States.  Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) ("This Court has previously determined that a habeas petition is not moot simply because the petitioner has been removed.").  However, the proceedings cannot continue at this time as neither Respondents nor the Court have current

2

contact information for Petitioner.

7. The Court will administratively terminate the § 2254 proceedings pursuant to Local Civil Rule 10.1.  See L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").

8. Respondents shall continue to use good faith efforts to locate Petitioner and will be directed to provide an update to the Court within 90 days.  The briefing schedule will be stayed pending further Order of the Court.

9. The Clerk of the Court will be ordered to administratively terminate this case.  Petitioner may reopen this matter by submitting his updated address.

10. An appropriate order follows.  The Court reserves the right to issue other appropriate orders in the event Petitioner is not located or does not contact the Court within 90 days.

Dated:  October 20, 2023         s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

3